UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRAYEN ALLEN FINCH, aka BREANNA LYNN DESTINY,<br><br>Plaintiff,<br><br>v.<br><br>BRENT REINKE, Director Idaho Department of Corrections (IDOC) in his official capacity; JEFF ZMUDA, Warden of Idaho Maximum Security Institution (IMSI) in his official capacity; CORRECTIONAL MEDICAL SERVICES (CMS), a Corporation; KATHLEEN NIECKO, IMSI Health Service Administrator, in her official and individual capacities; LORNA HUFFMAN, IMSI Director of CMS in her official and individual capacity; JAN EPP, Head Director of CMS in her official and individual capacities; RICHARD CRAIG, IDOC Chief Psychologist in his official and individual capacities; MICHAEL R. QUATTROCCHI, CMS Psychologist in his official and individual capacities; SHERYL L. SALARIS CMS Psychiatrist in her official and individual capacities; CATHY BUCKWELL CMS Mental health Director in her official and individual capacities; JOCELYN PATCHETT in her official and individual capacities,<br><br>Defendant. | Case No. 1:09-cv-00529-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are CMS Defendants' Motions for Summary Judgment (Dkt. 33) and for Leave to File Excess Pages (Dkt. 34), IDOC Defendants' Motion for Summary Judgment (Dkt. 35), and Plaintiff's Rule 56(f) Motion for Time to Conduct Discovery (Dkt. 37). The pending Motion to Appoint Expert Witness (Dkt. 25) will be addressed by separate order of the Court. For the reasons expressed below, the Court will grant the Rule 56(f) motion and deny without prejudice the motions for summary judgment, which renders moot the motion to file excess pages.

## BACKGROUND

Plaintiff Brayen Allen Finch, also known as Breanna Lynn Destiny, is an inmate of the Idaho Department of Corrections (IDOC) incarcerated at the Idaho Maximum Security Institute (IMSI). Plaintiff filed this lawsuit under § 1983 asserting deliberate indifference to medical needs by IDOC and Correctional Medical Services (CMS) staff regarding her claim of Gender Identity Disorder (GID) and her attempts at self-castration. The Court has initiated a number of Triage Conferences, intended to address scheduling and alternative dispute resolution issues early-on in the case. The result has been early involvement by the Court in facilitating discussions between the parties, and also a postponement of the typical civil litigation schedule. The Court has not yet issued a scheduling order outlining discovery and other litigation deadlines.

# LEGAL STANDARD

Rule 56(f) protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit, or any other authorized means under Rule 56(e), present facts essential to justify the adverse party's opposition to the motion. The rule allows a "party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion by presenting valid reasons justifying his failure of proof." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2740 (3d ed. 1998). To prevail on the Rule 56(f) motion, a party must show by good-faith affidavit (1) the specific facts she hopes to elicit from further discovery, (2) that the facts exist, and (3) that such facts are necessary to resist a summary judgment motion. *State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

# ANALYSIS

Plaintiff has provided the Court with the affidavits of Erika Birch and George R. Brown, MD, DFAPA. The affidavits identify areas of discovery that Plaintiff needs in order to fully respond to Defendants' motions for summary judgment. Specifically, Plaintiff asserts that she needs discovery concerning whether she has a GID diagnosis from a qualified and experienced medical professional. Plaintiff indicates her intent to address, through discovery, whether the evaluations of Plaintiff completed by IDOC medical personnel were performed properly, and whether the medical personnel were sufficiently qualified in the diagnosis and treatment of GID, to properly conduct the evaluations.

The Court notes that Plaintiff is faced with responding to Defendants' motions for summary judgment without having the opportunity to undertake any meaningful discovery whatsoever. Thus, regardless of the information which may be uncovered in discovery, denying Plaintiff's request for further discovery would be contrary to the general policy and practice of the Ninth Circuit on Rule 56(f) motions. Under Ninth Circuit precedent, it is generally the rule that where a summary judgment motion is filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should freely grant a Rule 56(f) motion. *Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003). District courts are expected to generously grant Rule 56(f) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence. *Id.*

Of course a Rule 56(f) motion should not be granted when the non-moving party has failed to diligently pursue discovery of the evidence. *Qualls v. Blue Cross*, 22 F.3d 839, 844 (9th Cir. 1994). But that is not the case here. As noted above, this case has followed an unusual course, given the Court's initiation of Triage Conferences in attempts to facilitate and encourage communication between the parties regarding scheduling and possible alternative dispute resolution. Counsel for Plaintiff were not formally appointed by the Court until April 19, 2010. Plaintiff filed a Motion to Appoint Expert Witness (Dkt. 25) on June 17, 2010, which is pending before the Court. This is not a case where Plaintiff has refused to engage in the discovery process.

Under the circumstances of this case, the Court is satisfied that Plaintiff has fulfilled the requirements for granting a Rule 56(f) motion. In light of this, and based on Ninth Circuit policy, the Court will grant Plaintiff's request for more time to conduct discovery. The Court will deny without prejudice Defendants' motions for summary judgment. Defendants may re-file their motions for summary judgment at a later date if they so choose. However, the Court expects that the motions will not be renewed until the parties have undertaken sufficient discovery to make such motions meaningful.

## ORDER

**IT IS ORDERED:**

1. CMS Defendants' Motion for Summary Judgment (Dkt. 33) is DENIED WITHOUT PREJUDICE.

2. CMS Defendants' Motion for Leave to File Excess Pages (Dkt. 34) is deemed MOOT.

3. IMSI Defendants' Motion for Summary Judgment (Dkt. 35) is DENIED WITHOUT PREJUDICE.

4. Plaintiff's Rule 56(f) Motion for Time to Conduct Discovery (Dkt. 37) is GRANTED.

DATED: **October 1, 2010**

Honorable Edward J. Lodge
U. S. District Judge